UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO VILLANUEVA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRYAN D. PHILLIPS, Warden,<br><br>　　　　　Respondent. | No. 1:23-cv-01352-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Doc. 11 |

　　　　Petitioner Armando Villanueva is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On December 5, 2023, the assigned magistrate judge issued findings and recommendations to deny the petition on its merits.  Doc. 11.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  On February 2, 2024, petitioner filed objections to the findings and recommendations.  Doc. 14.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The findings and recommendations conclude that petitioner's first claim is not cognizable on federal habeas review because the admissibility of evidence is a matter of state law, and petitioner's claim that the admission of certain evidence violated his constitutional rights is not squarely addressed by any Supreme Court decision.  Doc. 11 at 5–9.  The findings and recommendations conclude that petitioner's second claim – that the trial court violated petitioner's Sixth and Fourteenth Amendment rights by deciding the case on grounds other than those raised to the appellate court – is not cognizable because no Supreme Court decision has squarely addressed whether a state appellate court's affirmance on grounds not raised in the appellate brief denies a petitioner's constitutional rights.  Doc. 11 at 9–10.  Both of the magistrate judge's conclusions are correct for the same overarching reason.

In *Teague v. Lane*, the Supreme Court held that new rules of constitutional law may not be invoked or urged by a petitioner on federal habeas review under section 2254.  489 U.S. 288 (1989).  "A rule is new unless it was '*dictated* by precedent existing at the time the defendant's conviction became final.'"  *Edwards v. Vannoy*, 593 U.S. 255, 265 (2021) (quoting *id.* at 301).  "In other words, a rule is new unless, at the time the conviction became final, the rule was already 'apparent to all reasonable jurists.'"  *Id.* (quoting *Lambrix v. Singletary*, 520 U.S. 518, 528, (1997)).  This requirement is also embodied in 28 U.S.C. § 2254(d)(1), which states that a petition shall not be granted unless the state court's decision was contrary to "clearly established federal law, as determined by the Supreme Court of the United States."  *Williams v. Taylor*, 592 U.S. 362, 379–84 (2000).  Neither of petitioner's proffered claims are "dictated by precedent."

As for the first claim, "[f]ederal habeas corpus review does not lie for errors of state law," such as whether evidence should have been admitted at trial, "unless the admission violated [the petitioner's] federal constitutional rights."  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Petitioner argues that the trial court's refusal to admit evidence of a test conducted by his expert witness violated his Sixth Amendment right to present a full defense.  Doc. 14 at 3.  However, the

Ninth Circuit has held that no Supreme Court case "either squarely address[es] the discretionary exclusion of evidence and the right to present a complete defense or establish[es] a controlling legal standard for evaluating such conclusions." *Brown v. Horell*, 644 F.3d 969, 983 (9th Cir. 2011) (quotations omitted); *see also Moses v. Payne*, 555 F.3d 742, 758–59 (9th Cir. 2009). The right petitioner asserts therefore is not "clearly established," and cannot be made on federal habeas review.

Petitioner's second claim is that the state appellate court violated petitioner's Sixth Amendment rights by deciding the case on grounds other than those raised in the appeal. Doc. 11 at 9–10. However, no Supreme Court case has held that deciding a case on grounds different than those raised violates a party's Sixth Amendment rights. In fact, both the Ninth Circuit and the California courts of appeal have held that an appellate court may affirm a lower court's judgment on any ground in the record, not only the one raised on appeal. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003); *D'Amico v. Bd. of Med. Examiners*, 11 Cal. 3d 1, 19 (1974). Unless there was a Supreme Court decision which clearly contradicted these holdings prior to petitioner's conviction, petitioner's proffered claim is a new rule that cannot be asserted here. Petitioner points to no controlling Supreme Court decision, and the Court is not aware of one. Therefore, the findings and recommendations reached the correct conclusion as to both of petitioner's claims, and the petition is denied.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

   (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

  If a court denies a petitioner's petition, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

  In the present case, the Court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

///
///
///
///
///
///
///

Accordingly,

1. The findings and recommendations issued on December 5, 2023, Doc. 11, are adopted in full;
2. The petition for writ of habeas corpus is denied;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 12, 2024

UNITED STATES DISTRICT JUDGE